## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

|                                            |    |                                         |
|--------------------------------------------|----|-----------------------------------------|
| DAVID MARSHALL                             | :  |                                         |
| 1338 Chestnut Street, Apartment 616        | :  |                                         |
| Philadelphia, PA 19107                     | :  |                                         |
|                          Plaintiff         | :  |                                         |
|            v.                              | :  |                                         |
|                                            | :  | Civil Action No. _____      |
| HOLLAND, L.P.                              | :  |                                         |
| 1000 Holland Drive                         | :  |                                         |
| Crete, IL 60417                            | :  | Trial by Jury Requested                 |
|                                            | :  |                                         |
|            and                             | :  |                                         |
|                                            | :  |                                         |
| JOHN ELIFRITS                              | :  |                                         |
| 1000 Holland Drive                         | :  |                                         |
| Crete, IL 60417                            | :  |                                         |
|                          Defendants        | :  |                                         |

_____

## CIVIL COMPLAINT

Plaintiff, David Marshall, by and through his attorneys, Derek Smith Law Group, PLLC, hereby bring this civil action pursuant to the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et. seq.,* the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §12101 *et. seq.* as amended by the Americans with Disabilities Amendment Act of 2008 ("ADAA"), the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 *et. seq*, the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §4301 *et. seq.*, and the Pennsylvania Human Relations Act, 43 P.S. §§951-963., and seek relief for discrimination, disparate treatment, hostile work environment, retaliation, failure to accommodate, and constructive discharge, related to Plaintiff's employment with Defendant, Holland, L.P. and while under the supervision and conduct of Defendant, John Elifrits.  Plaintiff alleges and avers:

## Parties

1.      Plaintiff, David Marshall, is an adult fifty-one (51) year old African American/black male individual who resides at the above captioned address and at all times relevant was a Welding Equipment Operator – CDL for Holland, L.P.  Plaintiff is a former United States Army veteran of the Gulf War and suffers from Post-Traumatic Stress Disorder and Panic Attacks, which are qualified disabilities that affect everyday activities.

2.      Defendant, Holland, L.P., is an organization and/or entity duly existing under the laws of the Commonwealth of Pennsylvania with a registered office at the above captioned address and at all times relevant was the employer of Plaintiff.

3.      Defendant John Elifrits is an adult Caucasian male individual in his approximate late forties who is and/or was employed by Defendant Holland, L.P. as Operations Manager-Welding, and thus a supervisor of Plaintiff, and at all times relevant, had the authority to make material decisions over Plaintiff's employment.

4.      Defendant Holland, L.P. accepted, agreed, adopted, acquiesced, and/or otherwise was bound by the actions, omissions, and conduct of its owners, managers, supervisors, employees, and agents including Defendant Elifrits.

5.      Plaintiff completed all prescriptions to bringing claims of discrimination as he filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was dual filed with the Pennsylvania Human Relations Commission ("PHRC") and has received a Notice of Right to Sue after which he timely filed this complaint.

2

**Jurisdiction and Venue**

6.     This Court has subject matter jurisdiction over this matter as it involves a Federal Question, 28 U.S.C. §1331, and the Court maintains supplemental jurisdiction, 28 U.S.C. §1367, over the Pennsylvania State Law causes of action.

7.     Venue is appropriate before this Court as all parties reside in the Eastern District of Pennsylvania and all actions and omissions giving rise to this litigation occurred in the Eastern District of Pennsylvania (i.e. Bucks, Montgomery, Delaware, Philadelphia, and Chester County).

**Summary of Facts**

8.     Plaintiff, David Marshall, worked for Defendant Holland, L.P. from December May 6, 2018 to January 1, 2019 when he was involuntarily terminated from employment.

9.     At all times, Defendants were aware of Plaintiff's age, race, color, disabilities, and veteran status.

10.     Defendant John Elifrits was Plaintiff's direct supervisor.

11.     Plaintiff was one of the oldest and one of the few African American employees under Defendant Elifrits's supervision.

12.     Defendant Elifrits, by and through conduct and comments, harassed and/or made for a hostile work environment by subjecting Plaintiff to unreasonable and disparate treatment including:

    a.  Sending Plaintiff to remote and distant work assignments while not doing the same to similarly situated employees outside Plaintiff's protected classes;

    b.  Sending Plaintiff to new assignments amid and before completion of former assignments;

    c.  Unnecessarily disciplining Plaintiff and being overly harsh with discipline;

      d.   Unnecessarily removing Plaintiff from the work schedule;

      e.   Overly and unnecessarily disputing and denying Plaintiff expenses in travel, stay, and other amenities;

      f.   Requiring Plaintiff to have lesser amenities; and,

      g.   Sending Plaintiff to more difficult assignments, less lucrative assignments, and more dangerous assignments.

13.    Defendant Elifrits made comments about Plaintiff that Plaintiff considered discriminatory, such as Plaintiff was lazy and/or preferred to sit around all day.

14.    Defendants unnecessary and disparately disciplined Plaintiff.

15.    For example, on June 20, 2018 at around 2:30 P.M. Plaintiff was a front-seat passenger in a vehicle operated by co-worker, James Dicus (Caucasian approximately thirty), in Bloomington, Indiana, that was involved in an accident.  An investigation was conducted and Plaintiff was disciplined and suspended one-day, June 22, 2018, for "not observing the track ahead."  As a passenger, this discipline was disparate in relation to similarly situated employees outside Plaintiff's protected classes.

16.    It is unknown if Mr. Dicus was disciplined and it is alleged he was not..

17.    While Plaintiff served his suspension, and disagreed with the discipline from the incident, Defendant Elifrits took it upon himself to leave Plaintiff off the scheduled for a week, resulting in what seemed to be a longer suspension for the incident.

18.    Defendant Elifrits, also was not involved or present for the accident, but came to Bloomington Indiana immediately to get involved and it is alleged and believed caused and/or caused more discipline and repercussions to Plaintiff, all for discriminatory purpose.

19.     Defendant Elifrits also disputed Plaintiff's expense reports and travel amenities, requiring Plaintiff to stay at $70.00-and-under a night hotels and take certain flights only.

20.     This treatment is alleged disparate and discriminatory.

21.     A co-worker told Plaintiff that when Defendants want to get rid of someone, they "put you on a roller line", which means Defendants move the employee around until he or she becomes tired, exhausted, and quits.

22.     Defendants by and through Defendant Elifrits moved Plaintiff around excessively and unnecessarily.

23.     As an example, Plaintiff began work on a Beaver Falls, Pennsylvania assignment that needed assistance but shortly after beginning the assignment Defendant Elifrits pulled Plaintiff and sent him to Nashville, Tennessee with claims of an emergency but when Plaintiff arrived there were many employees and few assignments, and thus no emergency.  This type of treatment occurred more than once.

24.     On Monday, October 8, 2018 Plaintiff was a front-seat passenger in a vehicle that his supervisor Glenn Powell (Caucasian in late fifties) was operating with a machine hanging off the back.  The vehicle and/or machine struck a CSX truck and did damage.  An accident statement was drafted that indicated Plaintiff was the driver.  Only after Plaintiff pointed out that he was not driving, and opposed signing the document, was it changed.

25.     The next day, Tuesday, October 9, 2018 at around 10:00 A.M., Defendant Elifrits called Plaintiff with a "special assignment" to take a flight to Chicago while Plaintiff was in the middle of an assignment on railroad tracks.

26.     When Plaintiff explained his situation, Defendant Elifrits told Plaintiff to walk the train tracks to the nearest crossing and take an Uber.

27.     At the time, there had been a spat of deaths walking train tracks.

28.     Plaintiff was shaken by Defendant Elifrits's suggestion and later had full onset of a Panic Attack.

29.     Plaintiff requested a leave of absence on October 11, 2018 to take care of his panic attack and also because he felt subjected to a dangerous and hostile work environment.

30.     On or about October 11, 2018 or October 12, 2018 Plaintiff made a formal complaint to Defendant's Human Resources Department about Defendant Elifrits with regard to race, color, age, disability and veteran status discrimination, hostile work environment, and also made a request for a leave of absence.

31.     On January 1, 2019 Defendants terminated Plaintiff.

32.     Plaintiff never returned to work after his panic attack.

33.     Defendants discriminated against Plaintiff, subjected him to a hostile work environment, and disparate treatment.

34.     Defendant discriminated, failed to engage the interactive process, and failed/refused to reasonably accommodate Plaintiff for his disability.

35.     Defendants retaliated against Plaintiff for having engaged protected activity of having made a complaint and requesting a leave of absence.

36.     Defendants treated similarly situated individuals outside Plaintiff's protected classes more favorably.

**COUNT ONE**
**Race Discrimination – Hostile Work Environment and Constructive Discharge**
*Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq.*
**Plaintiff v. Holland**

37.     Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

38.     Defendant Holland, L.P., is an employer under 42 U.S.C. § 2000 *et. seq* because it is engaged in an industry affecting commerce and has 15 or more employees for each working day in each of 20 or more calendar weeks, in the current or preceding calendar year.

39.     Plaintiff is a person and has a protected class in that he is black (color) / African American (race).

40.     Under Federal law, 42 U.S.C. § 2000e-2 it is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

41.     Defendant, by and through Defendant Elifrits (a supervisor), and other employees, harassed and disparately treated, Plaintiff making racial remarks to Plaintiff and in his presence.

42.     Defendant disparately treated Plaintiff, the only or one of the few African American employees under Defendant Elifrits.

43.     Defendants intimidated, bullied, harassed, disparately treated, and disparately disciplined, terminated, and tormented Plaintiff.

44.     Defendants comments are/were discriminatory on the basis of race/color.

45.     The comments were unwelcome and were hurtful.

46.     Defendant Elifrits's conduct as a Supervisor bound/binds Defendant Holland.

47. The harassing comments and conduct were sufficiently severe and/or pervasive as to create a hostile environment such that Plaintiff's work environment was so pervaded by racial harassment that it altered the terms and conditions of his employment.

48. The hostile work environment also resulted in a tangible employment action, termination and/or constructive discharge.

49. Plaintiff availed himself of Defendant's anti-discrimination procedures by making a complaint to Human Resources but instead of relief, Plaintiff was terminated.

50. Defendant's harassment and hostile work environment caused and manifested itself in Plaintiff's loss of sleep, anxiety, depression, and other symptoms eventually culminating in a panic attack.

51. As a direct and proximate result of Defendant's harassment, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out of pocket expenses, emotional damages, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of reputation, pain and suffering, and other similar damages, all to Plaintiff's great detriment.

52. Defendant's actions were willful and wanton and thus require the imposition of Punitive Damages.

WHEREFORE, Plaintiff, David Marshall, hereby demands judgment in his favor and against Defendant, Holland, L.P., for any and all damages deemed necessary and just by the Court.

**COUNT TWO**
**Discrimination – Disparate Treatment**
*Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq.*
<u>**Plaintiff v. Holland**</u>

53.     Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

54.     Defendant Holland, L.P. discriminated and disparately treated Plaintiff, by and through its officers, managers, and supervisors, by: *denying expenses, denying similar living amenities, denying similar travel amenities, unnecessarily disciplining, unnecessarily moving Plaintiff around, denying Plaintiff a leave of absence, terminating, and other similar treatment*, in relation to similarly situated non-African American/non-black employees.

55.     As a direct and proximate result of Defendant's discrimination and disparate treatment, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out of pocket expenses, emotional damages, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of reputation, pain and suffering, and other similar damages, all to Plaintiff's great detriment.

56.     Defendant Holland's actions were willful and wanton and thus require the imposition of Punitive Damages.

57.     Alternatively, as Defendant Holland considered Plaintiff's color/race in the foregoing discrimination, Plaintiff is entitled to a charge for mixed-motive discrimination, which entitles Plaintiff to an award of Attorney's fees.

WHEREFORE, Plaintiff, David Marshall, hereby demands judgment in his favor and against Defendant, Holland, L.P., for any and all damages deemed necessary and just by the Court.

**COUNT THREE**
**Race Discrimination - Retaliation**
*Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq.*
**Plaintiff v. Holland**

58.     Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

59.     Defendant Holland retaliated against Plaintiff for having made a formal complaint that Plaintiff was being harassed by a supervisor.

60.     The temporal proximity between Plaintiff's complaint and termination raises an unusually suggestive inference that the termination was retaliation, such that no further evidence of retaliation is necessary.

61.     Alternatively, Plaintiff has evidence that raises and inference that his termination was/were a retaliation for having made the formal complaint.

62.     As a direct and proximate result of Defendants retaliation, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out of pocket expenses, emotional damages, loss of reputation, pain and suffering, and other similar harms, all to Plaintiff's great detriment.

63.     Defendant's actions were willful and wanton and thus require the imposition of Punitive Damages.

64.     Alternatively, as Defendant considered retaliation in deciding to suspend and/or termination Plaintiff, Plaintiff is entitled to a charge for mixed-motive discrimination/retaliation, which entitles Plaintiff to an award of Attorney's fees.

WHEREFORE, Plaintiff, David Marshall, hereby demands judgment in his favor and against Defendant, Holland, L.P., for any and all damages deemed necessary and just by the Court.

**COUNT FOUR**
**Discrimination and Disparate Treatment**
**Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 et. seq.,**
**Plaintiff v. Holland**

65.     Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

66.     Defendant Holland is an employer under the ADEA, 29 U.S.C. §630, as it is engaged in an industry affecting commerce and has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

67.     Plaintiff is an employee under the ADEA as she is an individual employed by an employer.

68.     Plaintiff is protected under the ADEA as he is at least forty (40) years of age. Plaintiff is further protected under the ADEA from discrimination and disparate treatment in relation/contrast to persons substantially younger.

69.     Defendant violated the ADEA by discriminating against, harassing, creating a hostile work environment, disparately treating, disparately disciplining, and terminating Plaintiff, to name a few examples.

70.     Defendant disparately treated Plaintiff in relation to substantially younger employees.

71.     Defendant terminated Plaintiff and replaced him with substantially younger employee(s).

72.     Similarly situated employees who were substantially younger than Plaintiff were treated more favorably.

73.     Defendant continued to hire substantially younger employees and retain substantially younger agents and consultants to take Plaintiff's job responsibilities.

74.     At all times, Plaintiff remained qualified and capable of doing his job.

75.     As a direct and proximate result of Defendant's discrimination and disparate treatment, Plaintiff has suffered loss of wages (backpay) and loss of benefits up through the date of any determination.

76.     As Defendant's actions were willful and/or Defendant showed a reckless disregard for whether their/its discriminatory and disparate conduct was prohibited, Plaintiff is entitled to liquidated damages, which doubles the Plaintiff's backpay damages.

77.     As a direct and proximate result of Defendant's discrimination and disparate treatment, Plaintiff has suffered loss of wages and benefits into the reasonable future (front pay) including wage loss and loss of benefits up to the age of 70, when Plaintiff reasonably anticipated retirement, and thus Plaintiff is entitled to a present-day value for those lost future earnings.

78.     Plaintiff further seeks equitable remedies.

WHEREFORE, Plaintiff, David Marshall, hereby demands judgment in his favor and against Defendant, Holland, L.P., for any and all damages deemed necessary and just by the Court.

**COUNT FIVE**
**Disparate Treatment, Hostile Work Environment, and Constructive Discharge**
*Pennsylvania Human Relations Act, 43 P.S. § 951, et. seq.*
<u>Plaintiff v. Holland and John Elifrits</u>

79.     Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

80.     Defendant Holland, L.P. is an employer under the Pennsylvania Human Relations Act as it employs citizens of the Commonwealth of Pennsylvania, and also because Defendant Holland resides in the Commonwealth.

81.     Defendant Elifrits is also an employer under the Pennsylvania Human Relations Act because he aided, abetted, coerced, and/or otherwise facilitated the discrimination, retaliation, and other wrongful conduct alleged herein.

82.     Plaintiff is protected under the Pennsylvania Human Relations Act and has the protected class of being African American (race), age, disabled, and black (color).

83.     Defendants subjected Plaintiff to a harassment, hostile work environment, disparate treatment, and constructive discharge, all on the basis of his race/color, as alleged *supra*.

84.     As a direct and proximate result of Defendants foregoing conduct, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expenses, emotional damages, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

85.     Plaintiff seeks attorney's fees under the Pennsylvania Human Relations Act.

WHEREFORE, Plaintiff, David Marshall, hereby demands judgment in his favor and against Defendant Holland, L.P. and Defendant John Elifrits, for any and all damages deemed necessary and just by the Court.

**COUNT SIX**
**Disability Discrimination – Failure to Reasonably Accommodate**
*Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12102 et. seq.*
<u>Plaintiff v. Holland</u>

86.     Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

87.     Defendant Holland is an employer under the ADA as it is engaged in an industry affecting commerce that has 15 or more employees for each working day in each of 20 or more calendar weeks, in the current or preceding calendar year.

88.     Plaintiff is a qualified individual with a disability he has "a physical or mental impairment that substantially limits one or more major life activities of such individual" and/or "being regarded as having such an impairment."   42 U.S.C. §12102(a) *and also* 29 C.F.R. §1630.2(g).

89.     Specifically, Plaintiff's Post Traumatic Stress Disorder (PTSD) and Panic Attacks substantially limits and/or impairs his ability to breath, exercise, stand, work, and/or other related daily activities, but Plaintiff could do the essential functions of his job without or without a reasonable accommodation.

90.     Defendant required an accommodation after the exacerbation of this condition, including a reasonable leave of absence.

91.     Defendant did not engage the interactive process in good faith.

92.     Defendant did not attempt to reasonably accommodate Plaintiff.

93.     Defendant did not reasonably accommodate Plaintiff.

94.     Defendant had various positions, shifts, and/or assistive measures available to accommodate Plaintiff but did not accommodate him reasonably, so he could do his job.

95.     An accommodation would not have caused any undue hardship on Defendant.

96.     As a result of Defendant's refusal and/or failure to reasonably accommodate Plaintiff, he was terminated and/or constructively discharged.

97.     As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out of pocket expenses, emotional damages, embarrassment, humiliation, loss of reputation, pain and suffering, and other similar damages, all to Plaintiff's great detriment.

98.     Defendants actions were willful and wanton and thus require the imposition of Punitive Damages.

99.     Plaintiff seeks reemployment with accommodation.

WHEREFORE, Plaintiff, David Marshall, hereby demands judgment in his favor and against Defendant Holland, L.P. for any and all damages deemed necessary and just by the Court.

**COUNT SEVEN**
**Retaliation**
*Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102 et. seq.*
<u>**Plaintiff v. Defendant**</u>

100.    Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

101.    Plaintiff engaged protected activity when he requested a leave of absence.

102.    Plaintiff engaged protective activity when he requested a reasonable accommodation.

103.    In retaliation for Plaintiff's requests for accommodation, Defendant terminated Plaintiff.

104.    Defendant removed Plaintiff entirely from the schedule, thereby having terminated him.

15

105.    Defendant's foregoing negative and adverse actions were temporally proximate to Plaintiff's protected activity such that they are unusually suggestive of a retaliation and thus no further evidence is required of retaliation.

106.    Alternatively, evidence exists to show Defendant's forgoing negative and adverse conduct was causally related to the protected activity, and thus retaliatory.

107.    As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out of pocket expenses, emotional damages, embarrassment, humiliation, loss of reputation, pain and suffering, and other similar damages, all to Plaintiff's great detriment.

108.    Defendants actions were willful and wanton and thus require the imposition of Punitive Damages.

WHEREFORE, Plaintiff, David Marshall, hereby demands judgment in his favor and against Defendant Holland, L.P. for any and all damages deemed necessary and just by the Court.

**COUNT EIGHT**
**Discrimination and Retaliation**
*Uniformed Services Employment and Reemployment Rights Act of 1994*
*("USERRA"), 38 U.S.C. §4301 et. seq.*
<u>**Plaintiff v. Holland**</u>

109.    Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

110.    Defendant Holland is an employer under USERRA as it is engaged in an industry affecting commerce that has 15 or more employees for each working day in each of 20 or more calendar weeks, in the current or preceding calendar year and because it is a person, institution, organization, and/or entity that pays salary or wages for work performed.  39 U.S.C. §4303(4).

111.    Plaintiff is an employee under USERRA as he is/was employed by an employer.

112.    Plaintiff is entitled to the benefits of USERRA as he performed duties for the uniformed services including active duty and is not subject to any of the exceptions.  38 U.S.C. §4303(13) and 38 U.S.C. §4304.

113.    Under USERRA, "A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, ***retention in employment***, promotion, ***or any benefit of employment by an employer on the basis of that membership***, application for membership, performance of service, application for service, or obligation." 38 U.S.C. §4311(a)(emphasis added).

114.    As alleged *supra*, Plaintiff has been disparately treated and discriminated against in relation to similarly situated individuals outside his protected classes, including outside of Plaintiff's veteran status.

115.    As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out of pocket expenses, emotional damages, embarrassment, humiliation, loss of reputation, pain and suffering, and other similar damages, all to Plaintiff's great detriment.

116.    Defendants actions were willful and wanton and thus require the imposition of liquidated damages.

117.    Plaintiff seeks reasonable attorney fees, expert witness fees, and other litigation expenses.

118.    Plaintiff seeks reemployment.

WHEREFORE, Plaintiff, David Marshall, hereby demands judgment in his favor and against Defendant Holland, L.P. for any and all damages deemed necessary and just by the Court.

DEREK SMITH LAW GROUP, PLLC

_____
CHRISTOPHER J. DELGAIZO, ESQ.
Attorney for Plaintiff

Attorney I.D. No. 200594
1835 Market Street, Suite 2950
Philadelphia, PA 19103
T: 215-391-4790
Fax: 215-501-5911
Email: Chris@dereksmithlaw.com

Date: June 7, 2019